**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GORDON COLLEGE<br>255 Grapevine Road<br>Wenham, MA 01984-1899,<br><br>*Petitioner / Plaintiff*,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, *in her Official Capacity as Administrator of the Small Business Administration*; *and* THE UNITED STATES OF AMERICA,<br><br>*Respondents / Defendants*. | Case No. 1:23-cv-614-BAH |

**FIRST AMENDED PETITION FOR JUDICIAL REVIEW AND**
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

# EXHIBIT 09

**UNITED STATES SMALL BUSINESS ADMINISTRATION**
**OFFICE OF HEARINGS AND APPEALS**

| | | |
|---|---|---|
| PAYCHECK PROTECTION PROGRAM APPEAL OF:<br><br>Gordon College<br><br>Appellant<br><br>Appealed from<br>SBA PPP Loan No. 8289087101 | ) | Docket No. PPP-8289087101 |

**APPELLANT GORDON COLLEGE'S OBJECTIONS**
**TO SBA ADMINISTRATIVE RECORD (AS FILED AUGUST 19, 2022)**

Pursuant to 13 C.F.R. § 134.1207(e) and to the Administrative Law Judge's ("ALJ") June 28, 2022 *Notice and Order*, and July 18, 2022 *Amended Order Granting Extension of Time* (the "*July 18 Order*"), Appellant Gordon College ("Gordon" or "Appellant"), a religious nonprofit institution of higher education located in Wenham, Massachusetts, by and through its undersigned counsel, hereby timely submits its written Objections to the SBA Administrative Record as filed by the Small Business Administration on August 19, 2022 ("Record" or "AR").

As Appellant was about to timely file these Objections on September 19 via the OHA Case Portal, in accordance with the *July 18 Order*, counsel received email notification of a *Notice and Order* issued by the ALJ on September 19, 2022 (today) (the "*September 19 Order*"). Out of the abundance of caution, and desiring to avoid any possible argument that Appellant has waived any Objections to the Administrative Record as filed by SBA on August 19, Appellant has proceeded to timely file these Objections via the OHA Case Portal on September 19, 2022. Appellant will supplement these Objections as appropriate in accordance with the *September 19 Order*, and Appellant will timely file by October 19, 2022 any Objections it may have to any supplemental or new Administrative Record that SBA files pursuant to the *September 19 Order*.

As detailed further below, Appellant objects to the Administrative Record as filed by SBA on August 19 as incomplete for at least the following reasons:

(a) Documents were submitted by Appellant to its Lender Citizens Bank in the process of determining eligibility for the original Paycheck Protection Program loan (the "Appellant PPP Loan") and Appellant's eligibility for forgiveness of the Appellate PPP loan that are not in the Administrative Record.

(b) Documents are referred to in the SBA Administrative Record but those documents do not actually appear in the Administrative Record as uploaded.

(c) Documents that are directly relevant to or even controlling of the relevant determinations are referred to in the Administrative Record but do not appear in the AR.

(d) Errors or formatting in the Administrative Record make it virtually impossible to read or identify some of the documents included in the Record.

Appellant respectfully requests that the Administrative Law Judge order the SBA to supplement the Administrative Record as explained below.

## 1. DOCUMENTS MISSING FROM THE ADMINISTRATIVE RECORD.

There are a number of documents that were submitted by Appellant Gordon College to its Lender Citizens Bank to be provided to the SBA (presumably by being uploaded by Citizens Bank through the SBA portal) but that are not included in the Administrative Record.

### 1.1. Gordon College Paycheck Protection Program Loan Application Form and Supporting Documentation.

Most important, the SBA Administrative Record includes almost none of the documents connected with Gordon's initial PPP Loan Application. Gordon's signed PPP Borrower Application form (on version 1 of SBA Form 2843 (04/20)) and supporting documentation are essential given the SBA reviewers' determination that Gordon was not eligible for a PPP loan *at the time of initial application in April 2020*. Indeed, the SBA reviewers appear to have determined the central issue of whether the College was eligible for a PPP loan at the time of application in early April 2020 using data ambiguously elicited by SBA in 2021. *See* AR pp.1407-15 (PDF pp.1412-20). The specific documents that are missing from the AR are detailed below.

1.1.1. Gordon College PPP Borrower Application Form (four pages) including Instructions that was signed by Stephen Lacorazza for Gordon College on April 6, 2020 and provided in PDF form via email to Janet Sweeney of Citizens Bank on April 13, 2020 ("Loan Application"). This Borrower Application form, with the page 2 certification signed on behalf of Gordon College, was included as Exhibit 3 to Appellant's *Appeal Petition* in this proceeding but does not appear anywhere in the SBA Administrative Record.

1.1.2. Gordon College PPP Loan Application Cover Letter provided via email to Janet Sweeney of Citizens Bank on April 9, 2020.

1.1.3. Gordon College PPP Loan Application Supporting Documentation: *Spreadsheets* submitted by Gordon along with Gordons PPP Loan Application Form, including the following:

a. Gordon College spreadsheet titled "PPP Workbook" provided via email to Janet Sweeney of Citizens Bank on April 12, 2020. Please note that there are three tabs of relevant data in this spreadsheet.

b. Gordon College spreadsheet titled "2019 Wages Paid Facstaff" provided via email to Janet Sweeney of Citizens Bank on April 12, 2020.

c. Gordon College spreadsheet titled "2019 Wages Paid Students" provided via email to Janet Sweeney of Citizens Bank on April 12, 2020.

**Summary**: Gordon's PPP Borrower Application form was signed on April 6, 2020, digitally submitted to Citizens Bank on April 13, 2020, and fully funded on April 24, 2020. The absence from the SBA Administrative Record of *any* documentation whatsoever related to Appellant's original Loan Application and supporting documents is concerning. Gordon understood from Citizens Bank that the Borrower Application and supporting materials would in fact be provided to the SBA as part of the loan approval and funding process.

Moreover, the Record as uploaded demonstrates that the SBA specifically requested by letter to Citizens Bank dated September 7, 2021, that Citizens Bank provide to SBA:

> "The Borrower Application Form (SBA Form 2483 or Lender's equivalent form) and all supporting documentation submitted by the borrower with the loan

application, including 2019 or 2020 payroll documents that demonstrate qualifying average monthly payroll costs." (AR p.1008; PDF p.1013)

SBA Form 2843 is the *initial* Borrower Application form, *not* the later Forgiveness Application form.[1] (Gordon submitted version 1 of Form 2843.) It defies logic that there would not be *any* communications from the Lender Citizens Bank to the SBA nor from SBA to the Lender related to the 2020 application, eligibility, approval, or funding of Gordon's PPP loan.

These concerns are magnified further by SBA's later determination that Gordon would not receive *any* loan forgiveness for the specific reason that Gordon was not eligible for a PPP loan *at the time that it first applied*. SBA Determination Letter at AR pp.23-24 (PDF pp.28-29). All of the documents included in the Record under the Table of Contents heading "Loan Application Supporting Docs (Payroll)" were provided in connection with Gordon's **2021** Borrower Forgiveness Application or in response to later 2021 or 2022 requests from SBA. There is nothing in the Record that reflects SBA's receipt of the original **April 2020** Gordon College Borrower Application and supporting materials,[2] even though those materials provide the factual information directly relevant to, if not controlling of, the SBA reviewer's determinations.

Therefore, Appellant Gordon College respectfully requests that the ALJ order the SBA to supplement the Record with all documents related to the submission, processing, approval, funding, and disbursement of funds for the original April 2020 Loan Application, such as application forms, supporting materials, correspondence, reviewer's notes, memoranda, workbooks, worksheets, communications with Citizens Bank, materials created or provided by Citizens Bank, and similar materials related (but not limited) to any of the following areas:

---

[1] *See* https://www.sba.gov/document/sba-form-2483-ppp-first-draw-borrower-application-form

[2] The only documents from the original PPP Borrower Application process that are included in the Administrative Record are the Promissory Note and the Automatic Payment Authorization, both dated April 23, 2020 (AR pp.987-1007; PDF pp.992-1012) that were required to be included as part of Gordon's PPP Forgiveness Application in 2021.

a. Citizen Bank's review of the PPP Loan Application and recommendation for approval of the original PPP Loan of Gordon College.

b. The SBA's approval for the disbursement of PPP Loan proceeds to Gordon College.

c. The SBA review and approval of Gordon's PPP Loan Application.

d. Any calculation of employees, whether by SBA or Citizens Bank, for purposes of eligibility for the PPP Loan.

e. Any determination of the eligibility of Gordon College for the PPP Loan under any SBA eligibility or size standard.

f. Any internal SBA communications or communications to Citizens Bank related to funding the Gordon College PPP loan or to disbursement of PPP Loan proceeds to Gordon College.

g. Any documents that indicate the SBA reviewers of the April 2020 Loan Application considered the relevant SBA and/or Department of Treasury FAQs, Interim Final Rules, or other contemporaneous instructions or guidance issued by SBA or the Department of Treasury that are specific to the unique PPP Loan program and were in effect at the time of Gordon's application.

**1.2. Gordon College Employer Quarterly Returns for 2019Q3.**

Also missing from the SBA Administrative Record are three documents providing Employer Quarterly Return information for Third Quarter ("Q3") 2019 that were provided electronically by Gordon College to Citizens Bank on March 24, 2022, specifically:

a. Gordon College 2019Q3 West Chester PA Employer Quarterly Return Local Earned Income Tax Withholding (1 page), provided by Gordon College to Citizens Bank on March 24, 2022 via Microsoft OneDrive upload.

b. Gordon College 2019Q3 West Chester PA Employer Quarterly Return Local Earned Income Tax Withholding II (1 page), provided by Gordon College to Citizens Bank on March 24, 2022 via Microsoft OneDrive upload.

c. Gordon College 2019Q3 West Chester PA Employer Quarterly Return of Tax Withheld (1 page), provided by Gordon College to Citizens Bank on March 24, 2022 via Microsoft OneDrive upload.

**1.3. Gordon College Correspondence with Lender Citizens Bank.**

Appellant Gordon College did not have any direct contact with the SBA. Rather, all communications were made through Gordon's lender, Citizens Bank. In general, Gordon College would receive a communication, usually through email, from someone at Citizens Bank forwarding a question or a letter that Citizens Bank had received from the SBA. Gordon would

then respond to the SBA question or request, usually (but not always) via an email to Citizens Bank transmitting a letter or substantive information that Citizens indicated would be communicated to the SBA by uploading it through the "SBA Portal." However, it appears that only some of these communications from Gordon to Citizens are included in the AR.

Only a single email from Gordon College to Citizens Bank is included in the Record. That is the November 5, 2021 email from Stephen Lacorazza of Gordon to Monica Thomas of Citizens responding to SBA's ambiguous request for "a list of locations to include employee count per location" in October and November 2021. *See* AR pp.75-80 (PDF pp.80-85) (Nov. 5, 2021 email); AR pp.1407-15 (PDF pp.1412-20) (SBA correspondence requesting information).

There are **no** other emails included in the Administrative Record uploaded by SBA, even though Mr. Lacorazza of Gordon sent multiple emails to Monica Thomas of Citizens and to Janet Sweeney of Citizens Bank related to Gordon's PPP loan application and forgiveness. For example, as noted in Section 1.2 above, there were at least three documents provided by Stephen Lacorazza of Gordon to Janet Sweeney of Citizens Bank that do not appear anywhere in the AR.

Appellant therefore respectfully requests that the ALJ order SBA to review its electronic systems and files and confirm that any and all materials placed into the SBA portal by Citizens Bank have been included in the Administrative Record.

## 2. DOCUMENTS REFERENCED BY SBA IN, BUT NOT INCLUDED IN, THE ADMINISTRATIVE RECORD.

There are also materials that are referred to by the SBA in the Administrative Record but that do not appear to have been included in the Administrative Record as uploaded by the SBA. These items include (without limitation) the following categories.

### 2.1. "Guidance" Used by SBA to Determine Loan Eligibility and/or Forgiveness.

The Administrative Record indicates in several places that SBA reviewers relied upon or consulted specific agency or other legal "guidance" – presumably including internal SBA documents as well as Interim Final Rules, SBA FAQs, regulations, and the like – in their review of Gordon's initial loan eligibility and in their ultimate determination that Gordon was not eligible for a PPP loan nor for PPP loan forgiveness. Just as one example (and without limitation):

> AR. p.20 (PDF p.25) – In an entry dated January 10, 2022, the Reviewer's Notes state that "**SBA size standard tests** were performed on the file and it is still deemed that the hold code cannot be cleared." "Recommend for denial due to **not meeting the size standard** which makes them ineligible for a PPP loan." These Reviewer Notes indicate that the reviewer relied "**guidance which I have been instructed to follow**". [emphasis added] But Appellant has been unable to identify any such "tests" or "guidance" in the Administrative Record.

Other examples of SBA reviewers referencing such "guidance" include (without limitation) those appearing at the following locations in the Administrative Record:

AR p.3 (PDF p.8)
AR p.1016 (PDF p.1021)
AR p.1030 (PDF p.1035)
AR p.1044 (PDF p.1049)
AR p.1060 (PDF p.1065)
AR p.1065 (PDF p.1070)
AR p.1092 (PDF p.1097)
AR p.1104 (PDF p.1109)

Despite these repeated references to "guidance," no such guidance appears to be included in the Administrative Record. Appellant Gordon College therefore respectfully requests that the Administrative Law Judge order the SBA to supplement the Record with any documents or materials that constitute any "guidance" referenced, consulted, disregarded, or relied upon by SBA reviewers in evaluating loan eligibility at any time, whether at time of original application or at time of forgiveness review, and any communications or documents related to the same.

**2.2. SBA Spreadsheets, Calculations, Formulas, and the Like Used to Determine Eligibility and/or Forgiveness.**

The SBA Record indicates in several places that SBA reviewers used spreadsheets, formulas, calculations, and similar materials in their review of Gordon's initial eligibility and in their ultimate decision to deny Gordon PPP loan forgiveness. Examples include (without limitation) the following:

> AR p.19 (PDF p.24) – In an entry dated April 8, 2022, SBA reviewer Fredericka Suzanne Phillips notes: "…switched to new assignment. I have **detailed spreadsheet** -basically finished- to pass on to next HAR Reviewer". But Appellant has been unable to identify any such "detailed spreadsheet in the Administrative Record.

Appellant Gordon College respectfully requests that the Administrative Law Judge order the SBA to supplement the Record with any documents or materials that set forth such formulas, spreadsheets, calculations, tests, size standards, and the like made or used by SBA in evaluating loan eligibility at any time, whether at time of original application or at time of forgiveness review, and any communications or documents related to the same.

**2.3. Citizens Bank Missing Document.**

By letter dated September 7, 2021 (AR p.1008-09; PDF p.1013-14), the SBA directed Citizens Bank to provide copies of five different documents or sets of documents. It appears that the fifth document, specifically "Any memorandum or other analysis that the lender prepared in making its decision on the forgiveness application," is not included in the Record as uploaded.

Appellant Gordon College respectfully requests that the Administrative Law Judge order the SBA to supplement the Record with these documents.

**2.4. SBA Consideration of Gordon College's December 15, 2021 Letter.**

There is no indication in the Administrative Record that SBA considered Gordon College's December 15, 2021 letter brief to the SBA nor that SBA considered or addressed the letter's

discussion of SBA Interim Final Rule Docket No. SBA-2020-0015 (the "IFR").[3] The Record indicates that the December 15, 2021 letter was received by the SBA. But the only SBA reference to this letter appears to be including it – with nothing more than the title "customer response to eligibility" – in the SBA listing of "Supporting Forgiveness Documentation" on AR p.16 (PDF p.21). The December 15, 2021 letter itself is included in the AR at AR pp.1277-78 (PDF pp.1282-83) and again at AR pp.1279-80 (PDF pp.1284-85).

But there is no discussion of or even reference to this letter by SBA anywhere else in the Record. This is very unusual. For example, Gordon College's earlier December 3, 2021 letter, which was uploaded by the Lender to the SBA portal on December 8, is identified and referenced in the SBA reviewer's comments at AR p.20 (PDF p.25). But there is no reference to the December 15, 2021 letter in the same reviewer comments. Indeed, the next entry in the SBA reviewer comments is more than one month later, on January 10, 2022, and does not mention this letter. The absence of any discussion of this letter directly addressing issues that later were foundational to the SBA's forgiveness determination is baffling.

Appellant Gordon College respectfully requests that the Administrative Law Judge order the SBA to supplement the Administrative Record with any and all documentation of SBA's consideration of the December 15, 2021 Letter and any guidance referenced or related to that letter, or else certify that SBA did not consider the letter and such guidance in making its determination that Gordon is not eligible for a PPP loan and therefore for loan forgiveness.

---

[3] 13 CFR Part 120, RIN 3245-AH34, **Federal Register** Vol. 85 No. 73 at pp. 20811 to 20817, issued April 11, 2020 and effective immediately April 15, 2020. The December 15, 2021 letter notes that this IFR is available at https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202004&RIN=3245-AH34 and at https://www.sba.gov/sites/default/files/2020-04/PPP%20Interim%20Final%20Rule_0.pdf.

**3. Documents That Are Not Fully Readable Due to Formatting of the Record.**

Administrative Record pages 1013 through 1276 (PDF pages 1018 through 1281), inclusive, are not fully readable due to the format in which SBA has incorporated them in the Record. These pages are identified in the Table of Contents simply as "Worksheet", "Worksheet 2", and "Worksheet 3" and appear to be SBA reviewer worksheets, but are lacking any further identification. Given this format and lack of identifying information, it is simply not possible for the Appellant, or likely the ALJ, to understand these documents.

Appellant Gordon College respectfully requests that the Administrative Law Judge order the SBA to supplement the Administrative Record by uploading these documents in a fully readable format and with appropriate filenames, headings, titles, and other information needed to identify what these documents are and how they were used, including (without limitation) specifically the following:

(a) Upload fully readable copies of the following three separate PPP Forgiveness Reviewer Workbooks found at:

AR pp.1118-84

AR pp.1030-75

AR pp.1206-76

(b) Clarify whether these workbooks are just copies of a form manual or workbook, or have any data in them or information in them that may be specific to Appellant.

(c) Confirm whether these are three separate workbooks or three copies of the same workbook.

(d) Clarify whether these three "Reviewer Workbooks" are for internal review at SBA, or for a bank's review process, or specifically applicable to a review of the Gordon College applications (and which ones – original and/or forgiveness). There are no titles for these worksheets currently visible to clarify these distinctions.

## CONCLUSION

For the foregoing reasons, Appellant Gordon College therefore respectfully requests that the Administrative Law Judge order the SBA to supplement the Administrative Record in all the ways set forth above.

Respectfully submitted,

/s/ Scott J. Ward

________________________

Scott J. Ward, Esq.
Gammon & Grange, P.C.
Attorney for Appellant
Gordon College

**UNITED STATES SMALL BUSINESS ADMINISTRATION**
**OFFICE OF HEARINGS AND APPEALS**

| | |
|---|---|
| PAYCHECK PROTECTION PROGRAM APPEAL OF:<br><br>Gordon College<br><br>Appellant<br><br>Appealed from<br>SBA PPP Loan No. 8289087101 | Docket No. PPP-8289087101 |

## CERTIFICATE OF SERVICE

I certify that on September 19, 2022, I filed a copy of the above *Appellant Gordon College's Objections to SBA Administrative Record* in the OHA Case Portal.

Respectfully submitted,

/s/ Scott J. Ward

Scott J. Ward, Esq.
Attorney for Appellant Gordon College
Gammon & Grange, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
SJW@GG-Law.com
Phone: (703) 761-5012
Facsimile: (703) 761-5023