**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GORDON COLLEGE<br>255 Grapevine Road<br>Wenham, MA 01984-1899,<br><br>*Petitioner / Plaintiff*,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, *in her Official Capacity as Administrator of the Small Business Administration*; *and* THE UNITED STATES OF AMERICA,<br><br>*Respondents / Defendants*. | Case No. 1:23-cv-614-BAH |

**FIRST AMENDED PETITION FOR JUDICIAL REVIEW AND**
**<u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

# EXHIBIT 14

**UNITED STATES SMALL BUSINESS ADMINISTRATION**
**OFFICE OF HEARINGS AND APPEALS**

| | |
|---|---|
| PAYCHECK PROTECTION PROGRAM APPEAL OF: | |
| Gordon College | Docket No. PPP-8289087101 |
| Appellant | |
| Appealed from SBA PPP Loan No. 8289087101 | |

**SUPPLEMENT TO THE ADMINISTRATIVE RECORD**

On December 2, 2022, OHA issued an Order for SBA to Supplement the Administrative Record. Specifically, SBA was ordered to immediately upload its copy of Appellant's Form 2483, as well as any additional pertinent documentation related to how it calculated Appellant's number of employees, to the Document Portal for Appellant's Petition for Reconsideration.

Appellant's Form 2483 was added to the document portal on December 5, 2022, after SBA was able to retrieve it from Appellant's PPP lender.

SBA now supplies additional pertinent documentation related to how it calculated Appellant's number of employees. See the Appeal Summary Analysis attached hereto as Exhibit "A".

Respectfully submitted,

/s/ Mark S. O'Brien

Mark S. O'Brien
Attorney for SBA

# Exhibit "A"

## Appeal Summary Analysis

Loan: **GORDON COLLEGE, 8289087101**
Reviewed by: **Tyler Powell**
Date: **12/5/2022** (initially submitted 9/22/2022)

Basis of appeal:

- UPDATE: Borrower filed a lengthy Petition for Reconsideration (PFR) based on OHA decision dated 11/21/2022. The primary issues were employee count methodology and applicable regulations at the time of application. (see attachments "Petition for Reconsideration" and "OHA Appeal Decision 11/21/2022")

- Borrower submitted a lengthy letter of appeal essentially arguing the SBA decision was erroneous because the regulations regarding limits on the applicant size, employees and SBA industry size, were not applicable and/or did not apply to them. (see attachment "Appeal - Borrower Letter")
  - The Letter cited **FAQ #17**, published **April 6, 2020**, indicating that, "**Borrowers and lenders may rely on the laws, rules, and guidance available at the time of the relevant application**."
- Borrower also submitted a lengthy Objection to the AR, largely citing the relevant documents that were submitted to the Lender but not added to the AR, such as SBA Form 2483. (see attachment, "Appeal - Objection to AR")

Loan Information:

- This loan:
  - Is a FIRST draw loan, and the Borrower, a 501c3 nonprofit, has NO other PPP loans.
  - Has active hold codes for the following: 36- general eligibility. (see Exhibits on page 7)
  - Is an UNKNOWN part of the sample.
- PPP loan application, SBA Form 2483, was signed **April 6, 2020.** (see attachment "2483")
  - CAFS Submitted Date: **April 15, 2020**
  - Borrower stated application was submitted on **April 13, 2020**. (see attachment "Appeal - Borrower Letter", page 3)
- OCA denial, issued **April 12, 2022**, stated, "the **Borrower business, or together with its affiliates, exceeds the maximum allowable number of employees and the SBA small business size standards**. A thorough analysis of the IRS 941 reports and additional supporting documentation confirms that the borrower exceeded the maximum allowable number of employees and therefore does not qualify under the SBA small business size standard qualifications for a Paycheck Protection Program loan. Furthermore, the **borrower is listed as 501 (c)(3), and therefore is not eligible under the alternative size standard industry qualifications**. **The Alternative Size Standard qualifications are limited to for-profit entities**, that do not qualify for a PPP loan under the traditional NAICS Employee-Based Size Standard Industry criteria." (see "Denial Justification Document - Term")

Analysis and conclusion:

- **PFR** contains may issues and concerns from Borrower counsel. (see attachments "Petition for Reconsideration")

- PFR Items 3 through 8 are essentially regarding employee count and applicable regulations. We address employee count and applicable regulations as they apply to PPP loan eligibility below.
- PFR items 9 regarding objections to the AR is not addressed in our analysis.
- PFR item 10 regarding discriminatory treatment is not addressed in our analysis.
- PFR item 11 regarding constitutional and statutory matters are not addressed in our analysis.

- Borrower had previously submitted a letter stating, "We respectfully submit that **because Gordon College is a nonprofit private religious college** federally tax-exempt under Internal Revenue Code § 501(c)(3), these **SBA size standards do not apply to Gordon College under the CARES Act and related regulations and guidance**." (see "customer response to eligibility")

- **The Core Issue** in this case is eligibility based on EMPLOYEE COUNT and the proper methodology for counting employees.
  - Borrower used an improper methodology when determining employee count by using **full-time equivalents (FTEs)**. (see Exhibits on page 11, "SBA Package 3.24.2022", pages 1-3, and "Appeal - Borrower Letter", page 4)
  - Borrower stated that at the time of application, they had **331 full-time (permanent) employees** and **519 part-time employees**. Therefore, we can conclude that at the time of application, the Borrower had **850** employees. (see Exhibits on page 11)
  - In response to an SBA request for employee count by location, the Borrower submitted an employee count by location having **639** employees in MA location and a total across all locations of, **680** employees. (see Exhibits on page, 10)
  - The **CARES Act** became law on **March 27, 2020**, and is applicable for this Borrower, as well as ALL PPP loan applicants and recipients.
- **An additional Issue** in this case is the Borrower counsel's contention that the PPP Loan Application, Form 2483, required certifying the use of FTEs. This issue also is part of **PFR item #3** regarding the use of 13 CFR § 121.106 How does SBA calculate number of employees.
  - Borrower counsel **incorrectly refers to IFR1.III.2.t.iv**, as a PPP loan eligibility methodology for employee count. That portion of IFR 1 is in reference to certifications and subsequent documentation for the COVERED PERIOD, which seeks to ensure employees are retained during the covered period as a condition of receipt and use of the PPP loan.
  - **IFR1.III.2.a - Am I eligible?,** is the correct portion regarding ELIGIBILITY for first draw PPP loans. This portion of the IFR states, "You are eligible for a PPP loan **if you have 500 or fewer employees** whose principal place of residence is in the United States, or are a business that operates in a certain industry and meet the applicable SBA employee-based size standards for that industry, and:" Further, **IFR1.III.2.a.i.B.** clarifies that this is applicable to nonprofits stating, "**A tax-exempt nonprofit organization described in section 501(c)(3) of the Internal Revenue Code (IRC)**, a tax-exempt veterans organization described in section 501(c)(19) of the IRC, Tribal business concern described in section 31(b)(2)(C) of the Small Business Act, or any other business; and…"
    - See also Form 2483 "CERTIFICATIONS AND AUTHORIZATIONS" bullet point 3 versus "CERTIFICATIONS" item 4. (see Exhibits on pages 12-13)
    - It should be noted the **Borrower SIGNED a Lender "Certifications and Authorizations" affirming they were eligible** for the PPP loan as having "…no more than the greater of 500 or employees or, if applicable, the size standard in

number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry." (see Exhibits on page 14)

- **Eligibility - Size Standards:**
  - **Employee Count**
    - Q1 through Q4 Form 941s have an average of **1,155** employees. (table below)

**2019 From 941 Wages & Employee Count**

| Period | Amount | Employees | Source |
|---|---|---|---|
| 2019-Q1 | $ 6,158,236.73 | 1,358 | "Gordon College 2019Q1 Federal 941-X" |
| 2019-Q2 | $ 6,761,890.95 | 698 | "Gordon College 2019Q2 Federal 941" |
| 2019-Q3 | $ 6,693,645.70 | 1,305 | "Gordon College 2019Q3 Federal 941-X" |
| 2019-Q4 | $ 6,950,542.31 | 1,258 | "Gordon College 2019Q4 Federal 941" |
| Total Wages | $ 26,564,315.69 | | |
| Average # Employees | | 1,155 | |

  - **Industry Size Standard,** per 13 CFR § 121.201 for NAICS 611310 - Colleges, Universities and Professional Schools.
    - NAICS 611310 is limited to **$30.5M in Revenue** with **no stated employee count limit** (see Exhibits on page 7)
    - 2017, 2018, and 2019 Average Annual Receipts: **$109,638,894** [($93,390,806+$142,703,285+$92,822,591)/3 = $109,638,894.00 ]
      - FY 2017: **$93,390,806** (see "Form 990")
      - FY 2018: **$142,703,285** (see "FY19 Form 990")
      - FY 2019: **$92,822,591** (see "FY20 Form 990", page 12)

  - **Alternative Size Standard**
    - In general, the CARES Act provided that 501(c)(3) nonprofit organizations with a total of 500 or fewer employees were eligible to receive a First Draw PPP Loan. Therefore, **the alternative size standard is not applicable to 501c3 nonprofit organizations**. [ref: IFR 1.III.2, FAQ 3, and FAQ 71]

- Guidance:
  - **CARES Act - Sec 1102.(a).(D) (effective law March 27, 2020)**
    - (D) Increased eligibility for certain small businesses and organizations.--
      - (i) In general.--During the covered period, in addition to small business concerns, any business concern, nonprofit organization, veterans organization, or Tribal business concern described in section 31(b)(2)(C) **shall be eligible to receive a covered loan if the business concern, nonprofit organization, veterans organization, or Tribal business concern employs not more than the greater of--**
        - ``(I) **500 employees**; or
        - ``(II) if applicable, **the size standard in number of employees established by the Administration for the industry in which the business concern, nonprofit organization**, veterans organization, or Tribal business concern operates.

- (v) <> Employee.--**For purposes of determining whether a business concern, nonprofit organization, veterans organization, or Tribal business concern described in section 31(b)(2)(C) employs not more than 500 employees** under clause (i)(I), the term `employee' includes individuals employed on a full-time, part-time, or other basis.

- **13 CFR § 121.106 How does SBA calculate number of employees?** [61 FR 3286, Jan. 31, 1996, as amended at 69 FR 29203, May 21, 2004; 84 FR 66579, Dec. 5, 2019]
  - (a) In determining a concern's number of employees, **SBA counts all individuals employed on a full-time, part-time, or other basis**. This includes employees obtained from a temporary employee agency, professional employee organization or leasing concern. SBA will consider the totality of the circumstances, including criteria used by the IRS for Federal income tax purposes, in determining whether individuals are employees of a concern. Volunteers (i.e., individuals who receive no compensation, including no in-kind compensation, for work performed) are not considered employees.
- **IFR 1 - Interim Final Rule 1 - III.2. (originally posted April 2, 2020)**
  - a. Am I eligible? **You are eligible for a PPP loan if you have 500 or fewer employees** whose principal place of residence is in the United States, or are a business that operates in a certain industry and meet the applicable SBA employee-based size standards for that industry, **and**:
    - You are:
      - A. **A small business concern as defined in section 3 of the Small Business Act (15 U.S.C. 632), and subject to SBA's affiliation rules under 13 CFR 121.301(f)** unless specifically waived in the Act; or
      - B. **A tax-exempt nonprofit organization described in section 501(c)(3) of the Internal Revenue Code (IRC)**, a tax-exempt veterans organization described in section 501(c)(19) of the IRC, Tribal business concern described in section 31(b)(2)(C) of the Small Business Act, or any other business; and …

- **IFR 2 - Interim Final Rule on Applicable Affiliation Rules (originally posted April 3, 2020)**
  - How do SBA's affiliation rules affect my eligibility and apply to me under the PPP?
    - An entity generally is eligible for the PPP if it, combined with its affiliates, is a small business as defined in section 3 of the Small Business Act (15 U.S.C. 632), **or** (1) **has 500 or fewer employees** whose principal place of residence is in the United States or is a business that operates in a certain industry **and** meets applicable SBA employee-based size standards for that industry, **and** (2) is **a tax-exempt nonprofit organization described in section 501(c)(3) of the Internal Revenue Code (IRC)**, a tax-exempt veterans organization described in section 501(c)(19) of the IRC, a Tribal business concern described in section 31(b)(2)(C) of the Small Business Act, or any other business concern. Prior to the Act, the nonprofit organizations listed above were not eligible for SBA Business Loan Programs under section 7(a) of the Small Business

Act; only for-profit small business concerns were eligible. The Act made such nonprofit organizations not only eligible for the PPP, but also subjected them to SBA's affiliation rules. Specifically, section 1102 of the Act provides that the provisions applicable to affiliations under 13 CFR 121.103 apply with respect to nonprofit organizations and veterans organizations in the same manner as with respect to small business concerns.

- **Conclusions:**
  - Core Issue(s):
    1. **Eligibility - Applicable Guidance At Time of Application**
       - **RESOLVED:** It is verified that the **CARES Ac**t (March 27,2020), **13 CFR § 121.106** (January 31, 1996), **IFR 1** (April 2, 2020), and **IFR 2** (April 3, 2020) were are all published PRIOR to the date of application on **April 6, 2020**. Therefore, the Borrower had access to such guidance prior to submission of their PPP loan application. As such, we do not concur with the Borrower's assertation that the guidance was not in place. We are further in non-concurrence that the guidance does not apply to them as a 501c3 nonprofit given the CARES Act-Sec 1102.(a)(D), IFR1.III.2, and IFR2, all address nonprofit entites in the context of PPP loan eligibility. Therefore, we agree that adequate and applicable regulations were available to the Borrower PRIOR to loan application and this issue is resolved.
    2. **Eligibility - Employee Count Methodology**
       - **RESOLVED:** It is verified the Borrower used an FTE methodology for counting employees for purposes of PPP loan eligibility. However, per the **CARES Act Sec 1102.(a).(D)(v)**, and **13 CFR § 121.106 - How does SBA calculate number of employees?(a)**, the SBA counts all individuals employed on a full-time, part-time, or other basis.
       - In addition, counsel for the Borrower incorrectly references IFR 1.III(t)(iv) and Form 2483 certifications regarding employee count for eligibility purposes. **Those references apply to the COVERED PERIOD (i.e. loan forgiveness eligibility) to ensure employee headcount was maintained, not loan eligibility**. The Borrower must read past IFR1.III.2.a, and Form 2843 "CERTIFICATIONS AND AUTHORIZATIONS", which both limit employee count to 500. Further, the Borrower also signed another "Certifications and Authorizations" from the Lender certifying the Applicant, "employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in **13 C.F.R. 121.201** for the Applicant's industry."
       - Therefore, given these regulations were in place prior to the time of application and the regulations (i.e. The CARES Act) specify, "**the term `employee' includes individuals employed on a full-time, part-time, or other basis.**", we agree the use of FTEs for purposes of determining loan eligibilty is an incorrect methodology and this issue is resolved.

3. **Eligibility - Size Standards**
    - RESOLVED: It is verified the Borrower averaged 1,155 employees in 2019 per submitted 2019 Form 941s. In addition, the Borrower presented they have 639 employees at just the MA location. Further, the Borrower submitted documentation of having 850 employees at the time of application, **331** full-time (permanent) employees and **519** part-time employees. Consequently, it is verified that during the 2019 reference period AND at the time of PPP loan application, the Borrower exceeded the maximum allowable limit of 500 employees, in violation of the **CARES Act Sec 1102.(a).(D), IFR 1.III.2,** and **SBA Form 2483**.
    - It is further verified that per **13 CFR § 121.201**, the Borrower exceeded the allowable Small Business Size standards for **NAICS 611310 - Colleges, Universities, and Professional Schools**, which is limited to **$30.5M in revenue** and has no other employee limit. Per submitted **Form 990 tax returns**, the 3-year average revenue totaled, $109,638,894. Therefore, we agree the Borrower was not eligible for the PPP loan due to exceeding allowable size standards.

- **Recommendations:**
    - Confirm OCA and OHA DENIAL of forgiveness due to the Borrower, or together with its affiliates, exceeding the maximum allowable number of employees and the SBA small business size standards, in violation of the **CARES Act - Sec 1102.(a).(D)**.

## Exhibits

### Hold Codes

| Delete? | Hold Code | Source | Description | Hold Date | End Date | Created By | Created On | Updated By | Updated On | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | 36 | OCA | General Eligibility | 04/12/2022 1:20 PM | | msmishcon | 04/12/2022 1:20 PM | | | |
| X | 21 | Star | Employee Count Threshold | 11/12/2020 12:08 PM | 02/23/2022 6:03 PM | CADBOps | 11/12/2020 12:08 PM | ForgivenessAPI | 02/23/2022 6:03 PM | |
| X | 10 | Star | Loan Size Meets Special Review Criteria | 11/12/2020 12:08 PM | 01/16/2021 5:27 PM | CADBOps | 11/12/2020 12:08 PM | CADBOps | 01/16/2021 5:27 PM | |

**CAFS search by _EIN: 04-2104258 or Stephen Lacorazza, CFO (x5449):**
<no other loans found>

CHRON Notes:

| View | Date | Entered By | System | Action | Result |
|---|---|---|---|---|---|
| | Chron Comment | | | | |
| View | 04/12/2022 | Mason S. Mishcon [msmishcon] | Centralized Loan Chron System | | |
| | The Borrower business, or together with its affiliates, exceeds the maximum allowable number of employees and the SBA small business size standards. The previous hold code was removed prematurely. | | | | |

**Industry-Based Size Standard (NAICS Code):**

**Sector 61 – Educational Services**

| NAICS Codes | NAICS Industry Description | Size standards in millions of dollars | Size standards in number of employees |
|---|---|---|---|
| 611110 | Elementary and Secondary Schools | $17.5 | |
| 611210 | Junior Colleges | $28.5 | |
| 611310 | Colleges, Universities and Professional Schools | $30.5 | |
| 611410 | Business and Secretarial Schools | $18.0 | |
| 611420 | Computer Training | $14.0 | |
| 611430 | Professional and Management Development Training | $13.0 | |
| 611511 | Cosmetology and Barber Schools | $11.5 | |
| 611512 | Flight Training | $30.0 | |
| 611513 | Apprenticeship Training | $10.0 | |
| 611519 | Other Technical and Trade Schools | $18.5 | |

**Employee Counts - 2019 Form 941s**

**Q1 ("Gordon College 2019Q1 Federal 941-X", pg 15):**

| Account ID Number<br>WTH-10963780-005 | Tax Filing Period<br>Mar 31, 2019 |
|---|---|
| Number of employees from whom taxes were withheld. | 1,358.00 |
| 1. Amount withheld. | 237,239.26 |
| 2. Previous payments made. | 237,280.97 |
| 3. Credit carryforward from previous period. | 0.00 |
| 4. Total payments and credits. (Add lines 2 and 3.) | 237,280.97 |
| 5. Total tax due. (Subtract line 4 from line 1.) | 0.00 |
| 6. Amount overpaid to be credited to next period. | 0.00 |
| 7. Amount overpaid to be refunded. | 41.71 |

**Q2 ("Gordon College 2019Q2 Federal 941"):**

Form **941 for 2019: Employer's QUARTERLY Federal Tax Return** 950117
(Rev. January 2019) Department of the Treasury – Internal Revenue Service OMB No. 1545-0029

Employer identification number (EIN) 0 4 – 2 1 0 4 2 5 8

Name *(not your trade name)* GORDON COLLEGE

Trade name *(if any)*

Address 255 GRAPEVINE RD
Number Street Suite or room number

WENHAM MA 01984
City State ZIP code

Foreign country name Foreign province/county Foreign postal code

**Report for this Quarter of 2019**
(Check one.)

- [ ] 1: January, February, March
- [X] 2: April, May, June
- [ ] 3: July, August, September
- [ ] 4: October, November, December

Go to *www.irs.gov/Form941* for instructions and the latest information.

Read the separate instructions before you complete Form 941. Type or print within the boxes.

**Part 1: Answer these questions for this quarter.**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Number of employees who received wages, tips, or other compensation for the pay period including: *Mar. 12* (Quarter 1), *June 12* (Quarter 2), *Sept. 12* (Quarter 3), or *Dec. 12* (Quarter 4) | | | | 1 | 698 |
| 2 | Wages, tips, and other compensation | | | | 2 | 6772202.57 |
| 3 | Federal income tax withheld from wages, tips, and other compensation | | | | 3 | 559222.21 |
| 4 | If no wages, tips, and other compensation are subject to social security or Medicare tax | | | | | [ ] Check and go to line 6. |
| | | Column 1 | | Column 2 | | |
| 5a | Taxable social security wages | 6670975.71 | × 0.124 = | 827200.98 | | |
| 5b | Taxable social security tips | . | × 0.124 = | . | | |
| 5c | Taxable Medicare wages & tips | 6761890.95 | × 0.029 = | 196094.82 | | |
| 5d | Taxable wages & tips subject to Additional Medicare Tax withholding | 23815.24 | × 0.009 = | 214.34 | | |
| 5e | Add Column 2 from lines 5a, 5b, 5c, and 5d | | | | 5e | 1023510.14 |

**Q3 ("Gordon College 2019Q3 Federal 941-X", pg 11):**

WITHHOLDING TAX FORM M-941 - AMEND

Name: GORDON COLLEGE
Account ID: WTH-10963780-005

IP Address: 104.129.198.229
Period: 30-Sep-2019
Due Date: 31-Oct-2019

Review & Submit

**Return Summary**

Confirm this information is accurate and then use the ***Submit*** button to submit your return. If you notice something was entered incorrectly, use the ***Previous*** button and correct it before submitting.

| | | |
|---|---|---|
| | Number of Employees from Whom Taxes Were Withheld | 1,306 |
| 1. | Amount Withheld | 259,919.49 |
| 2. | Previous Payments Made | 260,954.02 |
| 3. | Credit from Previous Period | 0.00 |
| 4. | Total Payment and Credits | 260,954.02 |
| 5. | **Total Amount Overpaid** | **1,034.53** |
| 6. | Amount Overpaid to Be Credited to Next Period | 0.00 |
| 7. | Amount Overpaid to Be Refunded | 1,034.53 |

**Attachments**

| Type | Name | Description | Size |
|---|---|---|---|

**Declaration**

By clicking the ***Submit*** button, I declare under the penalties of perjury that I examined the information that I am submitting and it is, to the best of my knowledge and belief, true and complete.

**Q4 ("Gordon College 2019Q4 Federal 941"):**

Form **941 for 2019: Employer's QUARTERLY Federal Tax Return** 950117
(Rev. January 2019) Department of the Treasury – Internal Revenue Service OMB No. 1545-0029

Employer identification number (EIN) 0 4 – 2 1 0 4 2 5 8

Name (not your trade name) GORDON COLLEGE

Trade name (if any)

Address 255 GRAPEVINE RD (Number, Street, Suite or room number)
WENHAM (City) MA (State) 01984 (ZIP code)
Foreign country name / Foreign province/county / Foreign postal code

**Report for this Quarter of 2019** (Check one.)
- [ ] 1: January, February, March
- [ ] 2: April, May, June
- [ ] 3: July, August, September
- [X] 4: October, November, December

Go to *www.irs.gov/Form941* for instructions and the latest information.

Read the separate instructions before you complete Form 941. Type or print within the boxes.

**Part 1: Answer these questions for this quarter.**

| | | Column 1 | | Column 2 | | |
|---|---|---|---|---|---|---|
| 1 | Number of employees who received wages, tips, or other compensation for the pay period including: *Mar. 12* (Quarter 1), *June 12* (Quarter 2), *Sept. 12* (Quarter 3), or *Dec. 12* (Quarter 4) | | | | 1 | 1258 |
| 2 | Wages, tips, and other compensation | | | | 2 | 7227027.16 |
| 3 | Federal income tax withheld from wages, tips, and other compensation | | | | 3 | 572864.95 |
| 4 | If no wages, tips, and other compensation are subject to social security or Medicare tax | | | | | ☐ Check and go to line 6. |
| 5a | Taxable social security wages | 6692315.46 | × 0.124 = | 829847.12 | | |
| 5b | Taxable social security tips | . | × 0.124 = | . | | |
| 5c | Taxable Medicare wages & tips | 6950542.31 | × 0.029 = | 201565.72 | | |
| 5d | Taxable wages & tips subject to Additional Medicare Tax withholding | 137063.55 | × 0.009 = | 1233.57 | | |
| 5e | Add Column 2 from lines 5a, 5b, 5c, and 5d | | | | 5e | 1032646.41 |

**Employee Count by State/Location (see "Dates"):**

**From:** Stephen Lacorazza
**To:** Thomas, Monica
**Subject:** RE: SBA Requesting Additional Documentation
**Date:** Friday, November 5, 2021 12:33:19 PM

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Monica,

Please see the breakout by state below.

| | |
|---|---|
| MA | 639 |
| TX | 2 |
| CA | 8 |
| GA | 4 |
| MO | 1 |
| MN | 1 |
| CT | 6 |
| FL | 2 |
| NY | 3 |
| WA | 1 |
| NC | 2 |
| IA | 1 |
| SC | 1 |
| NH | 2 |
| RI | 1 |
| ND | 1 |
| ME | 1 |
| CO | 2 |
| IL | 1 |
| VA | 1 |
| | 680 |

Have a good weekend,

Stephen

**Borrower Employee Count Methodology (see "SBA Package 3.24.2022", pages 1-3):**

**NUMBER OF EMPLOYEES AT GORDON COLLEGE**

- At the time of its PPP loan application in April 2020, Gordon College had 331 full-time (permanent) employees and 519 part-time employees, including students.

---

[1] All documents requested are provided except for Internal Revenue Service Form 940 because this form does not apply to tax-exempt non-profits like Gordon College.

GORDON COLLEGE | Vice President for Finance & Chief Financial Officer
255 Grapevine Road, Wenham MA 01984-1899
T 978 867 4048

www.gordon.edu



GORDON
COLLEGE

1. Three-hundred thirty-one (331) permanent staff converted to **331 Full Time Equivalent (FTE)** positions.

2. Based on the number of hours worked, 519 part-time employees converted to **159.1 Full-Time Equivalent (FTE) positions**.
   a. Two-hundred sixty-three (263) ***non**-student* part-time employees converted to *123.76 FTEs*.
   b. Two hundred fifty-six (256) part-time *student* employees converted to just *35.34 FTEs* because many of these students worked for only a very limited amount of time each week or for only a short-period of time (project-based).
      1) Fifty-nine (59) percent (or 153 students) were considered 0.10 FTEs or less because they worked so few hours or they received a stipend/award for their service.
      2) Forty-two (42) students participated in the Federal work study program, which was equivalent to 3.35 FTEs; based on SBA guidance issued on May 8, 2020, *after* Gordon College filed its PPP loan application, these students now no longer need to be included in Gordon's overall FTE calculation.
      3) Most of these students could not work anymore on campus as the college went to virtual learning in April 2020 for the rest of the semester and through the summer.

**Form 2483 (see attachments "2483"):**

**Paycheck Protection Program**
**Borrower Application Form**

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| | |
|---|---|
| **Check One:** ❑ Sole proprietor ❑ Partnership ❑ C-Corp ❑ S-Corp ❑ LLC ❑ Independent contractor ❑ Eligible self-employed individual ■ 501(c)(3) nonprofit ❑ 501(c)(19) veterans organization ❑ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ❑ Other | **DBA or Tradename if Applicable** |
| **Business Legal Name** | |
| Gordon College | |

| Business Address | Business TIN (EIN, SSN) | Business Phone |
|---|---|---|
| 255 Grapevine Rd | 04-2104258 | 978867 4883 |
| Wenham MA 01984 | **Primary Contact** | **Email Address** |
| | Stephen Lacorazza | stephen.lacorazza@gordon.edu |

| | | | | | |
|---|---|---|---|---|---|
| Average Monthly Payroll: | $ 2,818,415 | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ 7,046,037 | Number of Employees: | 495.67 |
| Purpose of the loan (select more than one): | ■ Payroll ■ Lease / Mortgage Interest ■ Utilities ❑ Other (explain): ________________ | | | | |

**Applicant Ownership**

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| Non Profit | Non Profit | 100 | 04210425{8} | 255 Grapevine Rd Wenham |
| | | | | |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ❑ | ■ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ❑ | ■ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ■ | ❑ |
| 4. Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ❑ | ■ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole? Initial here to confirm your response to question 5 → SDL | ❑ | ■ |
| 6. Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)? Initial here to confirm your response to question 6 → SDL | ❑ | ■ |
| 7. Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ■ | ❑ |
| 8. Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ❑ | ■ |

**Paycheck Protection Program**
**Borrower Application Form**

**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**

CERTIFICATIONS AND AUTHORIZATIONS

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

CERTIFICATIONS

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

SDL The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

SDL Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

SDL The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

SDL The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

SDL I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

SDL During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

SDL I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

SDL I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

Stephen D Lacorazza Digitally signed by Stephen D Lacorazza Date: 2020.04.12 12:23:21 -04'00'
Signature of Authorized Representative of Applicant

4/6/2020
Date

Stephen D Lacorazza
Print Name

Dir of Finance & Controller
Title

**Lender Form 2483 Equivalent (see attachment "lender equivalent 2483", pg 6):**

DocuSign Envelope ID: 4F7294F2-5CC6-4911-B26A-B1195A1E4604

Citizens Bank®

# Certifications and Authorizations

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant:
  - (1) is an independent contractor, eligible self-employed individual, or sole proprietor or
  - (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

Signed By: DocuSigned by: Stephen D. Lacorazza 79C78DB4AF2E4BF...
Authorized Signer

**UNITED STATES SMALL BUSINESS ADMINISTRATION**
**OFFICE OF HEARINGS AND APPEALS**

| | | |
|---|---|---|
| PAYCHECK PROTECTION PROGRAM APPEAL OF: | ) | |
| Gordon College | ) | Docket No. PPP-8289087101 |
| Appellant | ) | |
| Appealed from SBA PPP Loan No. 8289087101 | ) | |

**CERTIFICATE OF SERVICE**

I certify that on December 8, 2022, I filed a copy of the above Supplement to the Administrative Record in the OHA Case Portal for Appellant's Petition for Reconsideration.

Respectfully submitted,

/s/ Mark S. O'Brien

Mark S. O'Brien
Agency Counsel
U.S. Small Business Administration
68 Sewall Street
Augusta, ME 04330
Phone (207) 622-8558
Facsimile (202) 481-4397