**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GORDON COLLEGE
255 Grapevine Road
Wenham, MA 01984-1899,

*Petitioner / Plaintiff*,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, *in her Official Capacity as Administrator of the Small Business Administration*; *and* THE UNITED STATES OF AMERICA,

*Respondents / Defendants*.

Case No. 1:23-cv-614-BAH

**FIRST AMENDED PETITION FOR JUDICIAL REVIEW AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

# EXHIBIT 15

**UNITED STATES SMALL BUSINESS ADMINISTRATION**
**OFFICE OF HEARINGS AND APPEALS**

| | | |
|---|---|---|
| PAYCHECK PROTECTION PROGRAM APPEAL OF:<br><br>Gordon College<br><br>Appellant<br><br>Appealed from<br>SBA PPP Loan No. 8289087101 | ) | Docket No. PPP-8289087101 |

**APPELLANT GORDON COLLEGE'S OBJECTIONS TO SBA's *SUPPLEMENT TO THE ADMINISTRATIVE RECORD* (FILED DECEMBER 8, 2022)**

Pursuant to 13 C.F.R. § 134.1207(e) and to the Administrative Law Judge's ("ALJ") December 2, 2022 *Order For SBA to Supplement the Administrative Record* ("Order to Supplement"), and December 2, 2022 *Notice of Filing Petition for Reconsideration and Date for Response* ("ALJ Notice"), Appellant Gordon College ("Gordon" or "Appellant"), a religious nonprofit institution of higher education located in Wenham, Massachusetts, by and through its undersigned counsel, hereby timely submits its written *Objections* to the *Supplement to the Administrative Record* filed by SBA Counsel on December 8, 2022 ("Supplement" or "SR").[1]

**INTRODUCTION**

Appellant's primary objection is that SBA's purported "Supplement" to the Administrative Record is improper under the controlling SBA regulations, as explained below. SBA's Supplement is comprised of a document that on its face is dated September 22, 2022, and updated December 5,

[1] Appellant has waited to file these *Objections* until after the December 16, 2022 deadline established by the *ALJ Notice* for SBA to file any response to the Appellant's Petition for Reconsideration. The OHA portal indicates that SBA Counsel did not file any response by 5:00 pm on December 16, 2022, nor indeed by December 18, 2022.

2022, created by an SBA examiner who was not involved in the April 2020 Final Loan Review Decision that is the subject of this Appeal. SBA's Supplement appears to be an attempt to create a new "record" months after the SBA Final Loan Review Decision under appeal was issued. SBA's submission of its Supplement, and any consideration or inclusion of it in the Administrative Record by the ALJ, would violate 13 CFR § 134.1207 and 13 CFR § 134.1209(a). SBA's Supplement is not properly part of the Administrative Record and should not be included in it nor considered by the ALJ.

SBA continues to urge long-after-the-fact justifications for retroactively applying to Appellant arguments and standards that SBA itself did not articulate, and apparently did not recognize, until two years after Gordon's PPP loan application was submitted, approved, funded, and expended entirely to keep Gordon employees on the payroll. SBA applied a *different standard* to the more then twenty-five other institutions of higher education whose loans it forgave despite their using an FTE analysis and having numbers of employees far beyond the 500-employee maximum if SBA's headcount method is utilized. See below and *Appeal Petition* Exhibit 11. Most significant, if SBA's new position – articulated by SBA for this first time in this entire review and appeal process in its December 5, 2022 Supplement – is adopted, then FAQ #36 issued April 26, 2022 was completely unnecessary and utterly gratuitous. SBA's conduct in this case thus represents the ultimate in "sandbagging" – failing to produce, and apparently even to create, positions, standards, and documents until months after the decision being appealed was made and only after the last scheduled date for any filing by Gordon College has passed.

Contrary to the SBA's December 8, 2022 Supplement, the correct standard for evaluation of Gordon's loan eligibility and forgiveness and for resolution of this appeal is that set forth in Gordon's *Appeal Petition* and Gordon's *Petition for Reconsideration*. SBA FAQ #17 expressly states that Gordon is entitled to rely upon the SBA guidance at the time its PPP loan application

was submitted on April 13, 2020. The PPP Borrower Application Form 2483 created by SBA in March 2020 – and only at last submitted by SBA on December 4, 2022 as part of the Administrative Record as ordered by the ALJ's *Order to Supplement* – specifically requested the "Number of Employees" on page 1 and required that the applicant certify "the number of full-time equivalent employees" on page 2. Nowhere did the SBA Borrower Application Form in any way indicate that the number of employees entered on page 1 should be determined by a different method than the applicant was required to certify under penalty of perjury on page 2. Further, Gordon College's PPP Borrower Application Form 2483 as signed, certified, and submitted on April 13, 2020, lists on page 1 the number of employees as 495.67 employees, clearly indicating at the very outset that Gordon had used the FTE method required by the certification on page 2.

SBA's December 8, 2022 Supplement continues to try to evade what was required on the face of the Form 2483 that SBA itself created and promulgated. Indeed, SBA's Supplement shows even more clearly from that SBA only figured out its current arguments in September 2022. The positions and arguments pressed in the document that SBA now seeks to add to the Administrative Record as a "Supplement" do not appear in the Administrative Record as filed by SBA on August 19, 2022. The SBA clearly did not apply this same position and standard in its Final Loan Review Decisions of the applications of the more than twenty-five (25) other institutions of higher education whose PPP loans it forgave despite having headcounts of more than 500 employees. It was only after Gordon clearly explained the problems with SBA's Final Loan Review Decision that SBA even attempted to articulate – in September and December 2022 – the justification SBA now urges, at this last possible moment, the ALJ impose upon Gordon.

Gordon further objects to SBA introducing in this Supplement a new interpretation of language from the CARES Act. That language has already been fully addressed in Gordon's *Appeal Petition* – and SBA did not even attempt to file any response then. *See, e.g.*, Appeal Petition

at pp.17-18. The CARES Act language quoted by SBA in the Supplement addresses ***WHO*** a PPP loan applicant should include in determining its number of employees: "the term `employee' includes individuals employed on a full-time, part-time, or other basis." SBA Supplement at p.4 (PDF p.6); Gordon Appeal Petition at pp.10. But that language does not address *HOW* such employees should be included. Counting full-time equivalent employees unquestionably "includes" full-time and part-time and other employees. Yet in the Supplement SBA now asserts that "includes" is effectively the same as "headcount.". SBA's interpretation goes beyond the language of the Act that the Supplement relies upon and beyond the language of SBA Form 2483. Until SBA issued FAQ #36 on April 26, 2020, neither the CARES Act nor any SBA PPP guidance in any other way instructed nonprofit religious organizations applying for a PPP loan *HOW* to count – that is, whether to use FTE or headcount to calculate. *See Appeal Petition* § 7.7 at pp.17-18. (Indeed, the term "headcount" comes directly from FAQ #36 not from Appellant.)

## OBJECTIONS

**(1) SBA's "Supplement" Document Was Created *After* Every Relevant Date in the SBA's Final Loan Review Decision and Gordon's Appeal of That Final Decision.**

The document that SBA filed on December 8, 2022, as a purported "Supplement" to the Administrative Record in this Appeal indicates on its face that it is an updated version of an original document titled "Appeal Summary Analysis" that was first submitted – solely internally within the SBA – on September 22, **2022**. That document also indicates that it was updated on December 5, 2022. Only the "updated" December 5, 2022 version of the document has been filed by SBA, not the original September 22, 2022 version. *See generally* Supplement at p.1 (PDF p.3).

The original of this document thus was created:

1. more than twenty-eight (28) months after Gordon's PPP Borrower Application Form 2483 was submitted by Gordon to its lender, approved by the lender, fully funded by the SBA, and expended by Gordon entirely to keep existing Gordon employees employed and on the Gordon payroll;

2. more than five (5) months after SBA issued its Final Loan Review Decision that is the subject of this appeal;
3. more than four (4) months after Gordon filed its Appeal Petition;
4. more than one (1) month after SBA filed the "Administrative Record" in this Appeal; and
5. three (3) days after Gordon College filed its *Objections to Administrative Record* in this Appeal – the last filing of any sort by Gordon that was specifically identified in any of the ALJ's scheduling orders.

SBA could have included that original September 22, 2022 "Appeal Summary Analysis" document as an exhibit to a response brief in this Appeal. Such a response was due by October 3, 2022, under the ALJ's July 18, 2022 *Amended Order Granting Extension of Time*. But SBA did not file *any* response at all. And SBA has never attempted to supplement the Administrative Record until the ALJ's December 2, 2022 *Order to Supplement*.

Of course, it is only speculation whether the original document contains substantially the same analysis as in the "updated" document that SBA only now has filed as a "Supplement." The original document has never been submitted in this Appeal nor disclosed to Gordon. The "updated" document first filed by SBA on December 8, 2022, indicates on its face that it was not "updated" until December 5, 2022 – four days after Gordon's *Petition for Reconsideration* was filed.

Bluntly stated, the document that SBA only now submits to justify its April 2020 Final Loan Review Decision denying forgiveness did not exist in any form until ***after*** the last date any ALJ scheduling order explicitly identified for *any* filing by Gordon. And that document did not exist in the form submitted as a purported "Supplement" until after Appellant had actually filed its *Petition for Reconsideration*. The following table lists the most relevant dates and events:

| **DATE** | **EVENT / DOCUMENT** |
|---|---|
| April 6, 2020 | Gordon College signs PPP Borrower Application Form 2483. |
| April 13, 2020 | Gordon College submits PPP Borrower Application Form 2483. |
| April 15, 2020 | Gordon College PPP loan approved. |

| **DATE** | **EVENT / DOCUMENT** |
|---|---|
| April 23, 2020 | Gordon College executes and submits all PPP loan documents. |
| | |
| April 13, 2022 | Gordon College receives SBA Final Loan Review Decision (Appeal Petition Exhibit 1) denying PPP loan forgiveness. |
| May 13, 2022 | Gordon College files *Appeal Petition* and Exhibits. |
| August 19, 2022 | SBA files Administrative Record. Record as filed by SBA does not include Gordon College Borrower Application Form 2483. |
| September 19, 2022 | Gordon College files *Objections to Administrative Record*. |
| September 22, 2022 | SBA examiner Tyler Powell "submits" solely within SBA apparent initial draft (not included in SBA Supplement) of document titled "Appeal Summary Analysis." |
| October 3, 2022 | Deadline for SBA to file a response to Gordon College *Appeal Petition*. SBA does not file *any* response and does not seek to supplement Administrative Record in any way. |
| November 21, 2022 | ALJ issues Decision denying Gordon College appeal. |
| December 1, 2022 | Gordon files *Petition for Reconsideration* of ALJ Decision. |
| December 2, 2022 | ALJ issues *Notice of Filing Petition for Reconsideration and Date for Response* giving SBA until December 16, 2022 to file any response to Gordon's *Petition for Reconsideration*. |
| December 2, 2022 | ALJ issues *Order for SBA to Supplement the Administrative Record* stating that "SBA is hereby ordered to immediately upload its copy of Appellant's Form 2483, as well as any additional pertinent documentation related to how it calculated Appellant's number of employees, to the Document Portal for Appellant's Petition for Reconsideration." |
| December 5, 2022 | SBA files Supplement to Administrative Record comprised of a copy of Gordon College's original PPP Borrower Application Form 2483 that SBA has obtained from the lender. |
| December 5, 2022 | SBA examiner Tyler Powell "updates" document titled "Appeal Summary Analysis." |

| **DATE** | **EVENT / DOCUMENT** |
|---|---|
| December 8, 2022 | SBA files additional *Supplement to the Administrative Record* comprised of a copy of the "updated" document titled "Appeal Summary Analysis" (but not the original September 22, 2022 "Appeal Summary Analysis"). |

**(2) SBA's "Supplement" Document Was Created by an SBA Employee Who Was Not Previously Involved in the April 2020 Final Loan Review Decision nor This Appeal.**

The Supplement indicates on its face that the document was created and updated by an SBA employee named "Tyler Powell." But the name "Tyler Powell" does not appear anywhere in the Administrative Record as filed by SBA Counsel on August 19, 2022. Indeed, the words "Tyler" and "Powell" individually only appear within the names of Gordon College employees included in the Administrative Record. It appears that Tyler Powell's first involvement in any way in SBA's review of Gordon's PPP loan occurred only after – apparently several months after – SBA's actual Final Loan Review Decision and after Appellant's last scheduled filing in this Appeal.

**(3) SBA's Filing the "Supplement" Document Violates 13 CFR § 134.1207 and Including the SBA "Supplement" in the Administrative Record Would Violate 13 CFR § 134.1207 and § 134.1209(a).**

The SBA Supplement violates the regulations that govern this appeal. The requirements for the Administrative Record to be submitted by SBA are clearly established by 13 CFR § 134.1207, which provides in relevant part (emphasis added):

> § 134.1207 The administrative record.
>
> (a) *Time limits.* The administrative record will be due 20 calendar days after issuance of the Notice and Order unless additional time is requested and granted.
>
> (b) *Contents.* The administrative record shall include non-privileged, relevant documents **that SBA considered in making its final loan review decision or that were before SBA at the time of the final loan review decision**. The administrative record need not, however, contain all documents pertaining to the appellant.

The SBA Supplement did not even exist at the time SBA made its Final Loan Review Decision in April 2022. The Supplement was not "submitted" (and even then only within SBA) until September 22, 2022, more than five months after the SBA's Final Loan Review Decision, more than four months after Gordon filed its *Appeal Petition*, and three days ***after*** Gordon filed its *Objections to Administrative Record*. It therefore is beyond dispute that the SBA Supplement is ***not*** a document "that SBA considered in making its final loan review decision or that [was] before SBA at the time of the final loan review decision" as is required by 13 CFR § 134.1207.

Further, any admission or consideration of the SBA's purported "Supplement" by the ALJ would violate not only 13 CFR § 134.1207 but also 13 CFR § 134.1209(a), which provides in full that "[g]enerally, the Judge may not admit evidence beyond the administrative record."

**(4) Applying the SBA's September 24, 2022 and December 4, 2022 After-The-Fact Justifications for its April 12, 2022 Final Loan Review Decision Results in Unlawful and Unconstitutional Discrimination Against Gordon College.**

Both the Administrative Record as filed by SBA on August 19, 2022, and the purported Supplement filed by SBA on December 8, 2022, further reinforce the fact that SBA profoundly changed its loan review analysis and its justification for the same sometime after March 2022. SBA loan examiners clearly applied a *different standard* to the more then twenty-five (25) other institutions of higher education whose loans SBA forgave despite those institutions having used an FTE analysis and despite their having employees far beyond the 500-employee ceiling if SBA's headcount method is utilized. Those institutions, the relevant public record information from the SBA web site regarding their loans and forgiveness and associated dates, and the relevant public record information regarding their number of employees as determined by the same headcount methods that SBA has applied to Gordon College here are all set forth in Exhibit 11 to Gordon's *Appeal Petition*. For all of the reasons previously explained, such discriminatory treatment by SBA is unlawful under the CARES Act, under the April 15, 2020 Interim Final Rule, under federal

religious freedom and equal protection laws, and under the First and Fifth Amendments to the U.S. Constitution. *See, e.g., Appeal Petition* at pp.5-6; *Petition for Reconsideration* § 11 at pp.17-18.

**(5) SBA's Submission of Its December 8, 2022 "Supplement" Is an Effort to Improperly Present New Legal Arguments As Though They Were the Basis for SBA's April 12, 2022 Final Loan Review Decision.**

It also appears that the SBA is using its "Supplement to the Administrative Record" as a disguised way to make legal arguments while continuing never to file a response or any other brief in this appeal. Admittedly, SBA is not required to file any response brief. But this appears to be an attempt to "have your cake and eat it too" – to present new legal arguments that were not actually the articulated basis for SBA's April 2022 Final Loan Review Decision under appeal and that therefore do not appear in the Administrative Record as of that date, but to disguise those new arguments as having been the basis for the Final Loan Review Decision being appealed. *Compare* SBA April 2020 Final Loan Review Decision, Exhibit 1 to *Appeal Petition*, *with* SBA Supplement.

**(6) SBA's December 8, 2022 "Supplement" Improperly Attempts to Retroactively Read New Interpretations Into SBA's April 2022 Final Loan Review Decision.**

Gordon also objects to SBA urging in the Supplement a new interpretation of language from the CARES Act and other guidance. That language has already been fully addressed in Gordon's *Appeal Petition*. *See, e.g.*, Appeal Petition at pp.17-18. The CARES Act language quoted by SBA in the Supplement addresses ***WHO*** a PPP loan applicant should include in determining its number of employees: "the term `employee' includes individuals employed on a full-time, part-time, or other basis." SBA Supplement at p.4 (PDF p.6); Gordon Appeal Petition at pp.10. But that quoted language does not address ***HOW*** such employees should be included. Counting full-time equivalent employees unquestionably "includes" full-time and part-time and other employees. Yet in the Supplement SBA now asserts that "includes" is effectively the same as "uses headcount" and necessarily and obviously means "counts each and every full-time, part-time, and other

employee as a single full-time employee." SBA's interpretation goes beyond the language of the Act that the Supplement relies upon and ignores the language of SBA Form 2483.

Until Treasury/SBA issued FAQ #36 on April 26, 2020 – *after* Gordon College's PPP Loan Application was submitted to SBA on April 13, 2020, approved by SBA on April 15, 2020, and all loan documents executed by April 23, 2020 – neither the CARES Act nor any SBA PPP guidance instructed religious nonprofit organizations applying for a PPP loan *HOW* to count – that is, whether to use the FTE or the headcount calculation method. Although the CARES Act did not address headcount or prescribe a formula as to how to count employees for *eligibility* for the PPP loan, FAQ #36 articulated a new formula for how to count the 500-employee threshold for *eligibility*, resulting in two different "counting" formulas – headcount for eligibility and FTE for forgiveness. *See Appeal Petition* at § 7.7 at pp.17-18. FAQ #36 was needed precisely because it was completely reasonable to interpret the CARES Act and the PPP-specific guidance issued by SBA prior to FAQ #36 as permitting, and even requiring, use of the FTE method.

**(7) SBA's Efforts to Supplement the Record With Documents Created After SBA's April 2020 Final Loan Review Decision Further Demonstrate SBA's Improper Actions in Denying Gordon's PPP Loan Forgiveness and In Contesting Gordon's Appeal.**

Both documents filed by SBA in response to the ALJ's *Order to Supplement* are deeply revealing, but in different and almost opposite, ways.

First, SBA did not file a copy of Gordon's PPP Loan Application Form 2483 until specifically ordered to do so by the ALJ. In filing that Form 2483, SBA revealed that SBA's records did not include SBA's own copy of the Form 2483 as signed and certified under penalty of perjury by Gordon. The foundational document in addressing Gordon's loan eligibility and loan forgiveness is this PPP Borrower Application Form 2483 that the SBA itself created and promulgated to the public in March and early April 2020 and that Gordon College signed and submitted on April 13, 2020. The SBA's Form 2483 expressly requires that Gordon certify the

number of full time equivalent employees (FTEs) – which is exactly what Gordon did. Indeed, Form 2483 affirmatively required a loan applicant to certify that the number of FTEs entered earlier on the applicant's completed Form 2483 was correct, under penalty of perjury. Nowhere does the Form 2483 request the number of employees by headcount or indicate that a headcount method is the correct method to use. Indeed, to have applied the headcount method as the basis for the number of employees entered on page 1 of the Form 2483 would have made it impossible to make the required certification on page 2. Gordon's attestation of 495.67 employees on page 1 clearly indicated that Gordon had used the FTE method required by the certification on page 2. And none of the instructions provided by SBA on pages 3 and 4 of the Form 2483 in any way indicated that an applicant should use a headcount method on page 1 only.

Second, the fact that SBA determined that it was necessary to issue FAQ #36 on April 26, 2020 – after Gordon had submitted its Form 2483 – demonstrates that it was reasonable for any loan applicant, including Gordon, to interpret SBA Form 2483 as establishing that the correct way to count and certify employees was to use the FTE method. And SBA FAQ #17 makes clear that Gordon was entitled to rely upon the guidance available at the time it filed its Form 2483.

**(8) Page 10 of SBA's "Supplement" Improperly Omits Directly Relevant Information and Therefore Is Misleading.**

In addition to the more general Objections set forth above, Appellant also specifically to Page 10 of SBA's Supplement because it is misleading or deceptive. Page 10 includes part of the document that appears on page 75 (PDF page 80) of the Administrative Record as previously filed by SBA. But it omits the remainder of the page and the following page that are the embedded underlying email from Monica Thomas of Citizens Bank forwarding a question Citizens received from SBA. SBA thus omits the precise question that the quoted email is answering. The likely reason is not surprising – the question that SBA asked was vague, ambiguous, and misleading and

was presented without context or foundation. SBA's denial of forgiveness relies heavily upon this answer to an ambiguous and misleading question, while simultaneously ignoring the most relevant document, the PPP Borrower Application Form 2483 actually submitted by Gordon College.

## CONCLUSION

For the reasons set forth above, Appellant Gordon College objects to the SBA's filing of its December 8, 2022, *Supplement to the Administrative Record*. SBA's filing of the December 5, 2022 "updated" analysis document violates 13 CFR § 134.1207. Including that Supplement in the Administrative Record would violate both 13 CFR § 134.1207 and § 134.1209(a). All of the foregoing Objections further demonstrate that the SBA's decision to deny loan forgiveness to Appellant Gordon College was based both on clear errors of fact and on clear errors of law. *See* 13 CFR § 134.1210. Any single error would be sufficient to require reconsideration and reversal of the SBA loan denial and granting of forgiveness to Appellant. Appellant therefore respectfully requests that the Administrative Law Judge grant *Appellant Gordon College's Petition for Reconsideration of SBA Administrative Law Judge's Decision Issued November 21, 2022* and reconsider and reverse the Administrative Law Judge's Decision issued November 21, 2022.

Respectfully submitted,

/s/ Scott J. Ward


| | | |
|---|---|---|
| Name: | Scott J. Ward, Esq. | Nancy Oliver LeSourd, Esq. |
| Address: | Gammon & Grange, P.C., | Gammon & Grange, P.C., |
| | 1945 Old Gallows Road, Suite 650 | 1945 Old Gallows Road, Suite 650 |
| | Vienna, VA 22182 | Vienna, VA 22182 |
| Email: | SJW@GG-Law.com | NOL@GG-Law.com |
| Phone: | 703-298-6088 (cell) | 703-909-7999 (cell) |
| | 703-761-5012 (office – direct) | 703-761-5015 (office – direct) |
| | *Attorneys for Appellant Gordon College* | |

**UNITED STATES SMALL BUSINESS ADMINISTRATION**
**OFFICE OF HEARINGS AND APPEALS**

| | | |
|---|---|---|
| PAYCHECK PROTECTION PROGRAM APPEAL OF: | ) | |
| Gordon College | ) | Docket No. PPP-8289087101 |
| Appellant | ) | |
| Appealed from SBA PPP Loan No. 8289087101 | ) | |

## CERTIFICATE OF SERVICE

I certify that on December 19, 2022, I filed a copy of the above *Appellant Gordon College's Objections to SBA's Supplement to the Administrative Record (filed December 8, 2022)* in the OHA Case Portal.

Respectfully submitted,

/s/ Scott J. Ward

Scott J. Ward, Esq.
Attorney for Appellant Gordon College
Gammon & Grange, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
SJW@GG-Law.com
Phone: (703) 761-5012
Facsimile: (703) 761-5023