IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GORDON COLLEGE<br><br>*Petitioner / Plaintiff,*<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, et al.,<br><br>*Respondents / Defendants.* | Civil Action No. 1:23-cv-614 (BAH)<br><br>PLAINTIFF-PETITIONER GORDON COLLEGE'S NOTICE OF SUPPLEMENTAL AUTHORITIES |

On October 2, 2023, Defendants filed their Motion to Dismiss (ECF No. 16) Causes of Action Three to Ten of Gordon College's First Amendment Complaint (ECF No. 15). On November 1, 2023, Gordon filed its Opposition (ECF No. 18). On December 11, 2023, Defendants filed their Reply (ECF No. 20). Discussed briefly below are four published circuit decisions issued after the November 1 filing of Gordon's Opposition. *See Antonyuk v. Chiumento*, ___ F.4th ___, 2023 WL 8518003 (2d Cir. Dec. 8, 2023) ("***Antonyuk***"); *Kravitz v. Purcell*, ___ F.4th ___, 2023 WL 8177114 (2d Cir. Nov. 27, 2023) ("***Kravitz***"); *Wiggins v. Griffin*, 86 F.4th 987 (2d Cir. Nov. 20, 2023); ("***Wiggins***"); *Holt v. Payne*, 85 F.4th 873 (8th Cir. Nov. 2, 2023) ("***Holt***").

1. ***Kravitz & Antonyuk:* No Substantial Burden Test Under Free Exercise Clause**. Defendants misapply *Levitan v. Ashcroft*, 281 F.3d 1313 (D.C. Cir. 2002) as "requiring" a showing of "substantial burden" to effectuate any Free Exercise Clause claim. Defs. Reply at 14. Gordon provided ***five*** reasons why this aspect of *Levitan* is inapplicable. GC Opp. at 21-22. The ***second*** and ***third*** reasons are directly supported by *Kravitz* and *Antonyuk*.

Second Reason. "Second, Defendant's invocation of *Levitan's* substantial-burden language is directly refuted by Supreme Court precedent." GC Opp. at 21. *Kravitz* adopts this very argument.

1

The principal holding of *Kravitz* is that a religious party claiming a Free Exercise Clause violation "need not make a showing of a substantial burden." *Id*. at *7. In so holding, *Kravitz* abrogates seven district court decisions and expressly rejects *Levitan*, explaining why such a substantial-burden rationale is abrogated by Supreme Court precedent. *Kravitz*, at *9-10 & n.11. *Kravitz* also expressly rejects the use of *Brandon v. Kinter*, 938 F.3d 21, 32 n.7 (2d Cir. 2019) offered by Defendants here (Defs. Reply at 13). *Kravitz*, at *6 & n.7. In sum, *Kravitz* rebuts Defendants' substantial-burden argument. While *Kravitz* is a prison case like *Levitan*, that aspect is immaterial to *Kravitz's* substantial-burden holding. *Kravitz* explains how the Free Exercise precedents of the Supreme Court—in all contexts, across the board—have abrogated any "substantial burden" add-on to Free Exercise jurisprudence. *Kravitz*, at *4-11; GC Opp. at 21-22.

Third Reason. "Third, *Levitan* applied a legal 'standard for adjudicating prisoners' constitutional claims.' That constitutional standard is far more deferential to prison officials than is applicable elsewhere." *Id*. *Antonyuk* likewise distinguished an adverse Free Exercise case because it was decided in the context of prison litigation: "Moreover, *Green Haven* is inapposite because it arises in the setting of a prison, where security and penological concerns impose limits on prisoners' rights that would not be countenanced as to the non-incarcerated population." *Id*. at *51. That is precisely Gordon's third reason, and *Antonyuk* adopts it. Thus, to the extent *Levitan* might somehow survive Supreme Court abrogation under *Kravitz*/Gordon's second reason, *Antonyuk* shows that *Levitan* still must be distinguished as inapposite under Gordon's third reason.

2. **Holt & Wiggins: Nature of Substantial Burden Test Under RFRA**. *Holt* reinforces the distinctive substantial-burden analysis of RLUIPA/RFRA, 85 F.4th at 878-79, and *Wiggins* usefully explains it, 86 F.4th at 993 (more than "constitutionally de minimis"). Unlike Free Exercise, which strictly scrutinizes only those regulations that are *non*-neutral or *non*-generally

applicable—i.e., discriminatory—RLUIPA/RFRA strictly scrutinize even neutral and generally applicable regulations *if* they impose a "substantial burden" on religion. GC Opp. at 13-19.

    3. ***Antonyuk* & *Harris*: Under Tand*on*, No *Intent to Discriminate* Required**. Defendants would require Gordon to show "intent to discriminate" or "discriminatory purpose." Defs. Reply at 15-19. *Tandon v. Newsom*, 593 U.S. 61, 62 (2021) rejected any such requirement, as *Antonyuk* makes clear: "The Court was emphatic that strict scrutiny applies under the Free Exercise Clause whenever laws 'treat *any* comparable secular activity more favorably than religious exercise[.]'" *Antonyuk*, at *52 (quoting *Tandon* and citing *Tandon* seven times) (italics in *Tandon*). See also *U.S. v. Harris*, 84 F.4th 596, 600 (5th Cir. Oct. 17, 2023) (decided during Gordon's briefing) ("If such secular circumstances are important enough to lessen the Government's interest in prosecution, however, we believe religious liberty must be at least as important.") (citing *Tandon*). Both *Antonyuk* and *Harris* reinforce that *Tandon* means what it says: *Any* differential treatment that results in *any* religious exercise being treated *any* less favorably than *any* comparable secular exercise triggers strict scrutiny. Thus, as *Antonyuk,* and *Harris* show, the only *intent* required under *Tandon* is merely the intent to treat differently, GC Opp. at 25-26, not intent *to discriminate*.

    4. ***Antonyuk*, *Kravitz*, *Wiggins*, & *Holt* Show Defendants' Precedents Are Obsolete**. These recent circuit decisions fully accord with recent decisions by this Circuit, e.g., *Singh v. Berger*, 56 F.4th 88 (D.C. Cir. 2022) (leading example of *strict* scrutiny for religious freedom), all of which embrace the current Supreme Court jurisprudence that Defendants avoid.[1]

---

[1] Defendants rely even on obsolete Ninth Circuit jurisprudence, which is undergoing active course correction, *see* GC Opp. at 2, 25-31 (discussing **FCA En Banc**, 82 F.4th 664 (9th Cir. 2023), as even Defendants acknowledge, *see* Defs. Reply at 4 (noting en banc rehearing slated for *Apache Stronghold v. U.S.*, 38 F.4th 742 (9th Cir. 2022), but omitting reason why, *id*. at 773 (Berzon, J., dissenting: "The majority applies an overly restrictive test for identifying a 'substantial burden'")). Defendants rely on that "overly restrictive test" the Ninth Circuit is set to abandon.

When Defendants do rest on current jurisprudence, they miscite it. For example, Defendants cite

Gordon College respectfully brings these supplemental authorities to the Court's attention in support of its request that this Court deny Defendants' Motion to Dismiss in its entirety.

Dated this <u>*13th*</u> day of November, 2023

                            Respectfully submitted,

                            <u>/s/ *J. Matthew Szymanski*</u>
                            J. Matthew Szymanski, Esq.
                            D.D.C. Bar ID: VA157
                            GAMMON & GRANGE, P.C.
                            1945 Old Gallows Road, Suite 650
                            Vienna, VA 22182
                            (703) 761-5030 (telephone)
                            (703) 761-5030 (facsimile)
                            Email: JMS@gg-law.com

                            Scott J. Ward, Esq.
                            D.D.C. Bar ID: VA158
                            GAMMON & GRANGE, P.C.
                            1945 Old Gallows Road, Suite 650
                            Vienna, VA 22182
                            (703) 761-5012 (telephone)
                            (703) 761-5012 (facsimile)
                            Email: SJW@gg-law.com
                            *Counsel for Plaintiff-Petitioner Gordon College*

---

*Kennedy v. Bremerton Sch. Dist.*, 142 S.Ct. 2407 (2022) to mean Establishment Clause *claimants* such as Gordon must show "denominational preference" or "historical practice." Defs. Reply at 17. Both elements are relevant to Establishment Clause *defenses* raised by governments. To the extent either relates to a *claim* by a *claimant*, they support the governing **neutrality** analysis of the Establishment, Free Exercise, Free Speech, and Equal Protection Clauses. GC Opp. at 1-9, 20-35.

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this matter.

/s/ *Scott J. Ward*
SCOTT J. WARD
